UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| R. DAVID BOYER, TRUSTEE )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>GT ACQUISITION LLC, ARLINGTON )<br>CAPITAL, LLC, )<br>)<br>Appellees. ) | CAUSE NO. 1:06-CV-90-TS |

**OPINION**

This matter is before the Court Trustee David Boyer's appeal of the bankruptcy court's decision to deny his motion to amend the bankruptcy court's April 16, 2003, Amended Order approving the sale of the assets of GT Automation.

**A.     Background**

This case relates to another case before this Court, *Boyer v. Gildea*, 1:05-cv-129 (N.D. Ind. filed April 13, 2005), and the bankruptcy proceedings of GT Automation.

In the GT Automation bankruptcy proceedings, GT Automation's assets were sold to GT Acquisition, a company owned by Arlington Capital. The sale was approved by the bankruptcy court on April 7, 2003, in open court, and the court issued an order approving the sale the next day. On April 16, 2003, the bankruptcy court amended the sale order. The Amended Sale Order included findings that "the GTA Bid was negotiated, proposed, and executed without collusion, in good faith, as a result of arms' length negotiations," "the Auction was conducted without collusion, in good faith, and on the terms set forth in the Procedure Order," "Neither the Debtor nor the Buyer has engaged in any conduct that would cause the sale of the Assets to be avoided under 11 U.S.C. § 363(n)," "the consideration to be paid for the Assets . . . represents the highest and best offer for the Assets," and "Debtor has demonstrated sufficient justification that the sale

to Buyer at the aggregate purchase price of $2,750,000.000 and on the terms set forth in the GTA Bid, is in the best interest of Debtor, its creditors, and the bankruptcy estate." (Amended Sale Order, April 16, 2003, DE 2-25.)

On April 7, 2004, the Trustee filed a Complaint against parties formerly associated with GT Automation and Arlington Capital. The Trustee alleged that the parties had colluded in the bidding process and fraudulently concealed their collusion. In that case, *Boyer v. Gildea*, 1:05-cv-129, this Court dismissed the Trustee's state claims against Arlington Capital, (Opinion and Order of October 17, 2005, 11, DE 2-38), holding that the Seventh Circuit's Opinion *In re Met-L-Wood*, 861 F.2d 1012 (7th Cir. 1988), required the dismissal of the Trustee's state law claims. *Met-L-Wood* holds that sale orders have preclusive effect and that fraud claims against those involved in the sale constitute an impermissible collateral attack on the sale order. Applying *Met-L-Wood*, the Court stated that the preclusive effect of the sale order could be removed only by setting aside the sale order for fraud on the court, and that such a motion should be made before the bankruptcy court that issued the sale order. The Court also held that the Trustee could not seek to set aside the sale order for fraud under Rule 60(b)(3) because the time limit of one year for such motions had expired.

The Trustee filed a motion with the bankruptcy court to "amend the amended sale order by striking findings premised upon fraud upon the court." (Def. Bankr. Ct. Br. 1, DE 2-9.) The Trustee argued that the findings in the Amended Sale Order that the auction was negotiated in good faith without collusion or fraud were obtained by fraud on the Court, and that the bankruptcy court should amend the Amended Sale Order to remove those findings. The Trustee did not argue that the amended sale order should be set aside or vacated. The Trustee also argued that no other party had standing to contest his motion.

The bankruptcy court held a hearing on the matter and denied the motion for reasons stated on record at the hearing. The bankruptcy court found the Appellants had standing to

respond to the Trustee's motion to amend the Amended Sale Order, recognizing that the Appellants would be affected by the bankruptcy court's ruling. (February 6, 2006, Tr. 35, DE 56-2.)

The bankruptcy court then addressed the Trustee's argument that the court should alter its findings so that the res judicata bar would be lifted. The court gave two general reasons for declining to alter the findings in the order. First, Rule 60 does not permit a court to strike reasoning in an order—leaving the order to stand—for the purpose of altering the preclusive effect of the order. The court stated that "I do think that the fundamental purpose of Rule 60, getting relief from orders, is to get relief from the final bottom line operative portion of the order that says do this, do that, don't do this, don't do that; not to leave those portions of the order intact and simply change the rationale." (February 6, 2006, Tr. 39, DE 56-2.) The court also noted that "this isn't part and parcel of what Rule 60's all about, you can't come in and ask the Court to undue rationale and leave the order unchanged." (February 6, 2006, Tr. 45, DE 56-2.)

Second, the court thought that whether the court altered the findings in the sale order or not, the preclusive effect of the sale order would be the same. The court's opinion on this point can be summarized by the following statement: "Those findings either are meaningful and were necessarily made in connection with granting the original sale motion or they are not and were extraneous dicta that was simply included in the order because that's the order that the Court was handed and, therefore, should mean nothing." (February 6, 2006, Tr. 45, DE 56-2.) The court said that the challenged findings were necessary to the order: "[T]he issue of good faith or lack thereof is necessarily part and parcel of the claims that are subsumed within a motion to sell regardless of whether it's said." (February 6, 2006, Tr. 45, DE 56-2.)

**B.      Timeliness of the Appellant's Brief**

The Appellee has moved for dismissal of the appeal because the Appellant did not file his

brief in a timely manner in accord with Bankruptcy Rule 8009(a)(1), which states, "The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket." Fed. R. Bankr. P. 8009(a)(1). However, the "choice of dismissal is within the district court's sound discretion," *In re Scheri*, 51, F.3d 71, 74 (7th Cir. 1995), and the Court declines to dismiss the appeal. The delay was minimal and there has been no pattern of bad faith, dilatory or negligent conduct by the attorney. The Court will consider the appeal on its merits.

**C.     Analysis**

The appellees do not state what the standard of review ought to be, and the Trustee correctly notes that a bankruptcy court's conclusions of law are reviewed de novo and the bankruptcy court's findings of fact for clear error. *In re ABC-Naco, Inc.*, 483 F.3d 470, 472 (7th Cir. 2007). However, other cases have held that a court's denial of a motion to vacate is reviewed under the abuse of discretion. *Drobny v. C.I.R.*, 113 F.3d 670, 676–77 (7th Cir. 1997) (reviewing tax court's denial of motion to vacate for fraud on the court under abuse of discretion standard); *Simons v. Gorsuch*, 715 F.2d 1248, 1253 (7th Cir. 1983) (reviewing district court's denial of Rule 60(b) motion under abuse of discretion standard). In considering the bankruptcy court's denial of the Trustee's motion to amend, this Court will review for abuse of discretion.

On appeal, a bankruptcy court will be overturned for abuse of discretion when "its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *In re Kmart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004). Under the abuse of discretion standard, a court will not "second-guess the decision of a trial judge that is in conformity with established legal principles and, in terms of its application of those principles to the facts of the case, is within the range of options from which one would expect a reasonable trial judge to select." *Liu v. Price Waterhouse LLP*, 302 F.3d 749, 754 (7th Cir. 2002) (quoting *Am. Nat'l Bank & Trust v. Reg'l*

4

*Transp. Auth.*, 125 F.3d 420 (7th Cir. 2002)). "A party appealing under [the abuse of discretion standard] bears a heavy burden, for 'a decision constitutes an abuse of discretion when it is not just clearly incorrect, but down-right unreasonable.'" *Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 679 (7th Cir. 2002) (quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Svc.*, 131 F.3d 625, 628 (7th Cir. 1997)).

*1.     Standing of Objecting Parties*

The Trustee argues that the Appellees do not have standing to contest his motion because their property rights would not be directly affected by the Appellant's motion.

Title 11 U.S.C. § 1109(b) states, "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." § 1109(b). The list of parties in interest is not exclusive. A party in interest is "generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings." *In re Lewis*, 273 B.R. 739, 743 (Bankr. N.D. Ga. 2001) (quoting *Nintendo Co. v. Patten*, 71 F.3d 353, 356 (10th Cir. 1995)).

The court in *In re Lewis*, faced a similar situation. In that case, a plaintiff brought a wrongful death claim in 1998 that arose out of events in 1996. In 1997, the plaintiff filed bankruptcy, but did not disclose as an asset her wrongful death cause of action. The wrongful death defendants argued that the plaintiff was judicially estopped from claiming they were liable because she did not disclose in her bankruptcy proceedings her wrongful death cause of action. The plaintiff moved in 2001 to reopen her bankruptcy proceeding so that she could disclose the wrongful death cause of action. *Lewis*, 273 B.R. at 741–42.  The *Lewis* court found that the wrongful death defendants had standing to oppose the plaintiff's attempt to reopen her bankruptcy proceeding because they could be impacted by the outcome of the decision in their

5

wrongful death case: "the current procedural posture of both the bankruptcy case and the state court case give the Wrongful Death Defendants standing to appear and be heard on the Debtor's motion to reopen because of the potential impact her motion has in both forums, and particularly because of the impact it may have on the continuation of the state court action." *Id.* at 743.

In this case, the pecuniary interest of GTA and Arlington is directly affected by the Trustee's motion because he seeks to remove the preclusive bar of the Amended Sale Order so that he may bring state law fraud claims against GTA and Arlington and collect money damages from them. The current procedural posture of this case and *Boyer v. Gildea*, 1:05-CV-129 (N.D. Ind. filed April 13, 2005), are such that the outcome of this motion could adversely affect GTA and Arlington's rights in the second case. Therefore, following *Lewis*, they have standing to contest the Trustee's motion. Also, Arlington Capital and GTA Acquisition are parties in interest to the Motion to Amend the Amended Sale Order in Bankruptcy Court, because the assets in the bankruptcy sale were bought by GTA Acquisition/Arlington, and the Amended Sale Order approved that sale. For these reasons, the appellees have standing to oppose the Trustee's motion.

2.  *Whether the Bankruptcy Court Erred by Declining to Amend April 16, 2003, Sale Order*

This appeal presents an unusual question. May a party prevented from asserting claims by the doctrine of res judicata have the judgment amended to remove its preclusive effect in a subsequent case by showing fraud on the court?

The Trustee could not move to amend the sale order pursuant to Rule 60(b)(3) because the time for such a motion had expired. There is no time limit for motions to set aside judgments for fraud on the court, as Rule 60(b) states: "This rule does not limit the power of a court to entertain an independent action to . . . set aside a judgment for fraud on the court." Fed. R. Civ.

6

P. 60(b). "Fraud on the court" refers to "conduct that might be thought to corrupt the judicial process itself, as where a party bribes a judge or inserts bogus documents into the record." *Oxxford Clothes XX, Inc. v. Expeditors Int'l Wash. Inc.*, 127 F.3d 574, 578 (7th Cir. 1997).

The Trustee argues that the bankruptcy court erred by taking the view that a judgment procured by fraud on the court must be vacated or left to stand. According to the Trustee, a party who is harmed by a fraud on the court may have the judgment set aside or have it amended. The equitable nature of bankruptcy courts allows them to fashion relief by amending a previous order.

The Trustee's argument is true to a limited extent, and his supporting caselaw establishes that bankruptcy courts may in some cases modify orders that were issued as a result of fraud. None of these cases involved fraud on the court of the type that Rule 60(b) expressly excludes from its scope.

The limited case law on the question of whether a judgment procured by fraud on the court may be allowed to stand leads this Court to conclude that fraud on a court requires the judgment be vacated. "[A] decision produced by fraud on the court is not in essence a decision at all, and never becomes final." *Drobny v. C.I.R.*, 113 F.3d 670, 677 (7th Cir. 1997). "If it is found that there was fraud on the court, the judgment should be vacated and the guilty party denied all relief." Charles Alan Wright et al., *Federal Practice & Procedure* § 2870. Fraud on the court, distinguished from ordinary fraud identified in Rule 60(b)(3), involves more than an injury to a single litigant; "[i]t is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society." *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 246 (1944). The nature of fraud on the court is such that a court has "inherent power to inquire into the integrity of its own judgments and to set them aside when fraud or corruption of its officers has been shown." *Chi. Title & Trust Co. v. Fox Theatres Corp.*, 182 F. Supp. 18, 38 (D.C.N.Y. 1960). One court stated

that the facts before it "not only justify the inquiry but impose upon us the duty to make it, even if no party to the original cause should be willing to cooperate, to the end that the records of the court might be purged of fraud, if any should be found to exist." *Root Refining Co. v. Universal Oil Prods. Co.*, 169 F.2d 514, 523 (3d Cir. 1948).

This Court reads these cases to require judgments procured by fraud on the court to be vacated, because fraud on the court compromises the integrity of the judicial process. This is different than a Rule 60(b)(3) motion for relief from judgment because in that case, the fraud involves only injury to a party—it does not compromise the integrity of the judicial process to the same extent—and so a remedy can be fashioned to suit the injured party. The court and the public interest are not at issue to the same degree.  Applying this to the situation alleged by the Trustee—that the bankruptcy order approving the sale of debtor's assets was procured by the fraud on the court—allowing the sale of the assets to stand would allow the taint of fraud to remain. Though this may seem unfair to the Trustee, vacating the Amended Sale order would not limit his remedy, and courts must protect the integrity of their proceedings. Also, it is only because the time has expired to obtain relief under Rule 60(b)(3) that he must resort to alleging fraud on the court.

Even if this Court is incorrect, and fraud on the court does not require vacating a judgment, the Trustee has cited no case, and this Court has not found one, in which a court has amended a previous order, under any standard, solely for the purpose of removing its preclusive effect in a different case. As the one arguing for the amendment, the Trustee has the burden to show the amendment of the order would be proper. No law supports such an amendment, and so, the bankruptcy court did not abuse its discretion in denying the motion.

The bankruptcy court gave a second reason why it would not amend the sale order: it suggested that even if it could amend the sale order as the Trustee requested, it did not appear that the res judicata bar on the Trustee's state law claims would be removed. This was also not

an abuse of the court's discretion. Before embarking on a trial to determine whether there was fraud on the court, the bankruptcy court acted prudently in considering whether such an endeavor would have the Trustee's desired outcome. The bankruptcy court reasoned that because the Amended Sale Order precluded bringing state law fraud claims under the doctrine of res judicata, and not issue preclusion, it would not matter whether specific findings were removed from the Amended Sale Order. "In general a judgment is res judicata not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit." *Heiser v. Woodruff*, 327 U.S. 726, 735 (1946). Removing the challenged findings would not affect whether the issues "could have been but were not raised and litigated." The bankruptcy court did not abuse its discretion by refusing to move forward and consider whether there was fraud on the court when it appeared unlikely that the requested relief would have the desired effect.

Finally, as noted above, a court has inherent power to investigate fraud on the court when fraud or corruption has been shown, and the fact that the bankruptcy court did not do so suggests that the alleged fraud was not fraud on the court.

**D.      Whether the Appellee Is Entitled to Attorney's Fees**

The Defendants claim they are entitled to attorneys' fees pursuant to 28 U.S.C. § 1927. Section 1927 states: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In other words, "'If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious.'" *Kapco Mfg. Co., Inc. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (quoting *In re TCI*, 769 F.2d 441, 445 (7th Cir. 1985)).

The Court is not convinced that the Trustee's appeal is so unsound that it qualifies as objectively unreasonable, or that it is in bad faith, and so, the request for fees is denied.

**ORDER**

The bankruptcy court's order is AFFIRMED on August 9, 2007.

             S/ Theresa L. Springmann
             THERESA L. SPRINGMANN
             UNITED STATES DISTRICT COURT